IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| MATTHEW DILLON WHITMIRE, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-14-2490 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are respondent's motion for summary judgment (Docket Entry No. 7) and petitioner's response (Docket Entry No. 10). Based on careful consideration of the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case, as follows.

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 petition to challenge his disciplinary conviction for threatening to inflict harm on an officer. Petitioner reports that he was punished with 200 days loss of good time, forty-five days loss of recreation privileges, forty-five days loss of commissary privileges, 115 days contact visit suspension, forty-five days cell restriction, and a reduction in line classification. He states that his administrative appeals were denied and that he is eligible for mandatory supervised release.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484–87 (1995). Petitioner does not have a protected liberty interest regarding his temporary loss of recreation, commissary and contact visit privileges, his cell restrictions, or the reduction in line class status. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). In Texas, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge upon a protected liberty interest. *Id.* at 957–58; *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Petitioner reports that he is eligible for mandatory supervised release. However, respondent has submitted petitioner's prison records showing that petitioner is *not* eligible for mandatory supervised release due to his convictions for attempted capital murder and aggravated assault with a deadly weapon. Petitioner's conclusory assertion that he is eligible for mandatory supervision provides him no basis for habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue). Accordingly, his disciplinary conviction affords him no basis for habeas relief as his allegations fail to raise a cognizable federal constitutional habeas claim.

Petitioner additionally contends that the disciplinary charge and conviction were filed and obtained as the result of retaliation because he had requested a grievance form from the charging officer. However, petitioner did not claim in his step 1 grievance that the charge was filed against him in retaliation, and the claim is unexhausted. Regardless, petitioner fails to establish that the disciplinary charge would not have been filed and the conviction obtained but for a retaliatory motive. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Petitioner's habeas petition is **DENIED** and this case is **DISMISSED WITH PREJUDICE** for failure to state a cognizable habeas claim. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 4 day of November, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE